IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**HANCOCK BANK, a Mississippi
banking corporation,**

    Plaintiff/ Counter-defendant

vs.                                               CASE NO. 5:11-cv-94/RS-CJK

**BOYD BROTHERS, INC., a Florida
corporation, et al.,**

    Defendants/ Counterclaimants

_____/

## ORDER

Before me are Hancock Bank's Motion to Dismiss Counterclaim with Prejudice (Doc. 25) and the Counterclaimants ("Boyd Brothers") response in Opposition (Doc. 28).

### Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). In making this determination, the court must accept all factual allegations in the complaint as true and in the light most favorable to Plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

## Analysis

The essence of the counterclaim is that Hancock Bank fraudulently induced Boyd Brothers to execute several promissory notes, including the one in dispute here. "In reliance on Hancock's representations that Hancock would renew the Promissory Note and the Five Renewed Promissory Notes in March 2011 when they matured, [Boyd Brothers] agreed to execute the Promissory Note, the Guarantee, the Five Renewed Promissory Notes, the Amended Loan Agreement and the Amended Collateral Agreement." (Doc. 18, p. 16). Boyd Brothers further allege that "Hancock knew at closing that Hancock never planned to renew" those promissory notes including the one at issue here. *Id*. at 16-17. There is no allegation that any of these "misrepresentations" were in writing.

Florida law provides that a "debtor may not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." FLA. STAT. § 687.0304. "Credit agreement means an agreement to lend or forbear repayment of money, goods, or things in action, to otherwise extend credit, or to make any other financial accommodation." *Id*. (punctuation altered).

Boyd Brothers claim that the oral representations made by Hancock Bank are not a "credit agreement" and thus fall outside of the statute. They argue that the oral representations "would renew the loans after the March 31, 2011, maturity dates" and are thus not an "agreement between debtor and creditor to extend credit." (Doc. 28, p. 8-9).

Instead, the oral representations are "wholly independent of all credit agreements made by the parties and [do] not alter or contradict any of the loan terms." *Id.*

Boyd Brother's interpretation is incorrect. The plain language of section 687.0304 makes clear that the term "credit agreement" includes a representation to renew a loan. A loan renewal is a means to "forbear repayment." Forbearance is the "act of refraining from enforcing a right, obligation, or debt." Black's Law Dictionary 537 (Abridged 8th ed. 2005). By renewing a loan, the creditor agrees to make payments due at a later date. The creditor refrains from enforcing their right to collect debt on a certain date and agrees to a right to collect on a future date. Further, section 687.0304 provides that "credit agreements" include "mak[ing] any other financial accommodation." Certainly, this expansive definition includes any purported oral representations to renew loans. Based on the plain language of the statute, Boyd Brothers cannot maintain an action based upon Hancock Bank's oral representations and its fraud claim fails.

Boyd Brothers' remaining claims for breach of the covenant of good faith and fair dealing and for negligent misrepresentation fail because the oral representations are unenforceable. That is, the breach of an unenforceable agreement is not actionable and negligence cannot be established because "a party cannot rely to his detriment on an unenforceable promise." *Bankers Trust Co. v. Basciano*, 960 So. 2d 773, 778 (Fla. 5th DCA 2007).

**IT IS ORDERED:**

1. The Motion to Dismiss (Doc. 25) is **GRANTED**.

2. Boyd Brothers' Counterclaim is **dismissed with prejudice**.

**ORDERED** on June 8, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**