IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**HANCOCK BANK**, a Mississippi
banking corporation,

    Plaintiff,

vs.                                                              CASE NO. 5:11-cv-94/RS-CJK
                                                             CONSOLIDATED

**BOYD BROTHERS, INC.**, a Florida corporation;
**JAMES A. BOYD, SR.**; **NANCY G. BOYD**;
**JAMES A. BOYD, JR.**; and
**CECELIA R. BOYD**,

    Defendants.

_____/

## **ORDER**

     Before me are Plaintiff's Motion for Summary Final Judgment (Doc. 63) and Defendants' Response in Opposition (Doc. 82).

### **Standard of Review**

     Summary judgment is appropriate when "there is no genuine issue as to any material fact . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). In other words, the basic issue before the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of

showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

## Analysis

**Plaintiff's Claims**

Plaintiff and Defendant Boyd Brothers, Inc. are parties to at least six separate loan agreements. Defendant Boyd Brothers, Inc. is in bankruptcy and a stay has been entered as to that defendant. (*See* Doc. 74). The individual defendants personally guaranteed these loans. Plaintiff claims that the loans are in default, and the personal guaranties have not been satisfied. For clarity, each of the loans will be discussed in turn.

**I . LOAN 1 (5:11-cv-94)**

The first loan involves the promissory note in the initial principal amount of $250,000 that Defendant Boyd Brothers Inc. executed and delivered on May 10, 2007. (Doc. 1, Exhibit 1). This loan was renewed on two occasions. (Doc. 1, Exhibits 2 & 3). Along with the second renewal, the individual defendants executed guaranty agreements. (Doc. 1, Exhibits 4, 5, 6, & 7). Defendant Boyd Brothers Inc. executed a third loan renewal. (Doc. 1, Exhibit 10). Plaintiff claims that this loan is in default and that the guaranties are not satisfied.

The individual defendants contend that summary judgment is inappropriate for several reasons. First, they assert that Mr. Jade Stanford's declaration is inadmissible. (Doc. 82, p.3). Mr. Stanford is a Plaintiff's vice president, and his declaration and review of the loan documents is admissible. (*See* Doc. 65). What is not within Mr. Stanford's personal knowledge is covered by the business record's exception. Fed. R. Evid. 803(6).

Next, Defendants also contend that the named defendant Cecelia R. Boyd is an improper party. The loan documents refer to Cecilia R. Boyd. The named defendant reflects a clear misspelling and can be corrected upon motion. Ms. Boyd, regardless of the spelling of her first name, has appeared.

Defendants also contend that the Equal Credit Opportunity Act ("ECOA") bars recovery from the female individual defendants. (Doc. 82, p. 6-7). The ECOA makes it unlawful for lenders to discriminate against applicants based on gender or marital status. 15 U.S.C. § 1691(a)(1). Defendants have cited an Alaska Supreme Court case to argue that the ECOA makes unlawful guaranty agreements unenforceable. *See Still v.*

*Cunningham*, 94 P.3d 1104 (Alaska 2004).  However, Defendants have not met their burden in establishing a *prima face* case of credit discrimination.  *Mays v. Buckeye Rural Elec. Coop., Inc*., 277 F.3d 873, 876 (6th Cir. 2002); *Mercado-Garcia v. Ponce Fed. Bank*, 979 F.2d 890, 893 (1st Cir. 1992); *Nicholson v. Johanns*, 2007 U.S. Dist. LEXIS 83909, *18-20 (S.D. Ala. 2007).  Absent anything but mere allegations, Defendants are not entitled to any burden-shifting analysis.  *Id*.

**Affirmative Defenses**

The first affirmative defense, waiver and estoppel, is meritless.  (Doc. 18, p. 1).  Defendants claim that Plaintiff made representations that they would make future renewals of the promissory note.  However, the terms of the final renewal (Doc. 1, Exhibit 10) states that the "Note cannot be changed or modified orally."  *Id* at ¶14.  The terms could not be clearer.  Any representations about future renewals are not part of this agreement and cannot be considered.  Further, the parole evidence rule precludes consideration of oral agreements which contradict the terms of this valid contract.  *Solary v. Webster*, 35 Fla. 363, 373 (Fla. 1895); F*ederal Deposit Ins. Corp. v. Hemmerle*, 592 So. 2d 1110, 1113-1114 (Fla. 4th DCA. 1991).

The second affirmative defense is also meritless.  (Doc. 18, p. 2).  The statute of frauds requires certain contracts to be in writing.  *See, e.g.,* Fla. Stat. § 672.201; *Id*. at § 725.01.  Defendants' claims that the guaranty agreements were not notarized or dated is of no moment.  There is no such requirement under Florida law.  The fact that the guaranty agreements did not identify the amount of the debt is also not material.  The agreement states that the "Guarantor absolutely and unconditionally guarantees full and

punctual payment and satisfaction of the . . . indebtedness of the Borrower to Lender." (Doc. 1, Attach. 7).[1] The language of this writing is sufficiently clear to establish the duties of the parties. It satisfies the statute of frauds. "Every agreement which is required to be in writing, under the statute of frauds, must be certain in itself, or capable of being made so by a reference to something else whereby the terms can be ascertined with reasonable certainty." *Swisher v. Conrad*, 76 Fla. 644, 646 (Fla. 1919) (citation and quotation omitted). Here, the agreement refers to the indebtedness of Boyd Brothers Inc., and the amount of indebtedness could be ascertained by reference to the underlying loan.

The third affirmative defense, commercial impracticability, is meritless. The doctrine of commercial impracticability provides that "where, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate the contrary." *Seitz v. Mark-O-Lite Sign Contractors,* 210 N.J. Super. 646, 65, 510 A.2d 319, 322 (Law Div. 1986) (*citing* RESTAT. 2D OF CONTRACTS, § 261). Quite simply, the BP oil spill, and knowledge by Plaintiff that Defendants would have difficulty repaying the debt do not excuse nonperformance.

The fourth affirmative defense, no meeting of the minds, is without merit. The agreement speaks for itself. "In an action based upon a contract, the admitted contract . . . so often speaks so conclusively on the material facts as to leave no doubt that there are no genuine issues of any material fact to be determined." *Rivaux v. Florida Power &*

---

[1] Each of the individual defendants executed identical, but separate guaranties. This guaranty is used as an example of what all individual defendants agreed to. It is between Ms. Cecelia Boyd and Plaintiff.

*Light Co.*, 78 So. 2d 714, 716 (Fla. 1955). Here, the original loan and subsequent extension agreements are unambiguous and any terms which do not appear in the agreements concerning other contingencies are not to be considered.

The fifth affirmative defense, lack of consideration, is without merit. There was adequate consideration to support the original loan, the extensions, and the guaranty agreements. The fact that Plaintiff may have known that Defendants lacked the resources to pay does not negate that there was a mutuality of the bargained-for exchange.

The sixth affirmative defense, mutual departure, is without merit. Mutual departure is not a recognized defense in Florida.

The seventh affirmative defense, duress and coercion, is also meritless. Even if true, a threat to call a promissory note to induce the execution of the Amended Loan Agreement is not actionable. The right to call a promissory note is governed by the terms of that agreement. And, exercising that right is not a form of duress. *See* AM JUR 2D *Duress and Undue Influence* § 6 ("A claim of duress cannot be based upon a party's threat to take an action that is within that party's legal right to take.").

The ninth affirmative defense fails for the same reason as all the purported representations made by the bank, which were never written down. Those outside agreements are not part of the contract and will not be considered because they violate the parole evidence rule.

In sum, even in the light most favorable to Defendants, there is no room for debate. The loan is in default, and the individual defendants have not fulfilled the valid guaranties.

## II. LOAN 2 (5:11-cv-95)[2]

The second loan involves the promissory note in the initial principal amount of $420,000 that Defendant Boyd Brothers Inc. executed and delivered on May 27, 2005. (Doc. 1, Exhibit 1).  To secure this obligation, Defendant Boyd Brothers executed and delivered a mortgage on property it then owned to Plaintiff which was recorded.  (Doc. 1, Exhibit 2).  To further secure the obligation, Defendant Boyd Brothers Inc. executed and delivered an assignment of rents on property it owned which was also recorded.  (Doc. 1, Exhibit 3).

Defendant Boyd Brothers Inc. executed and delivered a renewal promissory note in September 2010, in the principal amount of $393,648.96.  (Doc. 1, Exhibit 6).   The individual defendants executed guaranty agreements of the loan.  (Doc. 1, Exhibits 7, 8, 9, & 10).  Plaintiff claims that the loan is in default and the guaranties are not satisfied.

Defendants' arguments against summary judgment fail for the reasons set forth in Section I, *supra*.   While the loan documents and guaranty  agreements are somewhat different from the ones executed in Section I, the rationale is the same.  Here, the guaranties contain similar language stating that the "lender shall not be deemed to have waived any rights . . . unless such waiver is in writing and signed by the lender." (Doc. 1, Exhibit 7).  This language has the same meaning and effect as those agreements in Section I.

Defendants' seventh affirmative defense is without moment. Defendants assert that Plaintiff claims are barred because Plaintiff failed to "mitigate its damages by not

---

[2] All references to documents in this section refer the docket entry for 5:11-cv-95.

foreclosing on the collateral." (Doc. 14, p.3).  The loan documents entitle Plaintiff to pursue available remedies successively or concurrently.  In addition, it is common practice and well settled law that a lender may first pursue a judgment on a promissory note, and then later file a separate action to foreclose the mortgage securing the note if the judgment is not satisfied. *Junction Bit & Tool Co. v. Village Apartments, Inc.*, 262 So.2d 659, 660 (Fla. 1972).

For these reasons, and in the light most favorable to Defendants, summary judgment is appropriate for the second loan.

### III. Loan 3 (5:11-cv-97)[3]

The third loan involves the promissory note in the initial principal amount of $100,000 that Defendant Boyd Brothers Inc. executed and delivered on April 27, 1995. (Doc. 1, Exhibit 1).  This loan was renewed in 1996 (Doc. 1, Exhibit 2), and again in 1997 (Doc. 1, Exhibit 3).  On November 26, 1997, Defendant Boyd Brothers Inc. executed and delivered a promissory note in the initial principal amount of $150,000. (Doc. 1, Exhibit 4).  Also on November 26, 1997. Defendant Boyd Brothers Inc. memorialized its obligations under the original $100,000 note, and the second $150,000 note by executing and delivering a promissory note in the initial principal amount of $250,000.  (Doc. 1, Exhibit 5).  This $250,000 note was renewed seven additional times. (*See* Doc. 1, Exhibits 6, 7, 8, 9, 10 , 11 & 12).   In the "tenth renewal," executed on July

---

[3] All references to documents in this section refer the docket entry for 5:11-cv-97.

9, 2009, Defendant Boyd Brothers Inc. delivered a promissory note in the initial principal amount of $1,000,000.  (Doc. 1, Exhibit 12).

On July 9, 2009, the individual defendants executed and delivered commercial guaranties for the loan.  (Doc. 1, Exhibit 13).  On September 17, 2010, Defendant Boyd Brothers Inc. executed and delivered a renewal promissory note in the initial principal amount of $1,000,000.  (Doc. 1, Exhibit 16).  Plaintiff alleges that the loan is in default and the guaranties have not been satisfied.

Defendants have raised eight affirmative defenses which are all meritless for the reasons stated in the previous two sections.

## IV. Loan 4 (5:11-cv-98)[4]

The fourth loan involves a promissory note in the initial principal amount of $3,400,000 that Defendant Boyd Brothers Inc. executed and delivered on June 13, 2002.  (Doc. 1, Exhibit 1).  Also on June 13, 2002, the individual defendants executed and delivered guaranty agreements for this loan.  (Doc. 1, Exhibit 2).  Defendant Boyd Brothers Inc. also granted a security interest in certain printing equipment to secure the loan.  (Doc. 1, Exhibit 3).  On September 17, 2010, Defendant Boyd Brothers executed and delivered a renewal promissory note in the initial principal amount of $1,548,039.30.  (Doc. 1, Exhibit 8).  Plaintiff alleges that this note is in default and that the guaranties have not been satisfied.

---

[4] All references to documents in this section refer the docket entry for 5:11-cv-98.

Defendants have raised ten affirmative defenses which are all meritless for the reasons stated in previous sections.

## V. Loan 5 (5:11-cv-339)

This fifth loan is not part of this consolidated action, and will not be considered here.

## VI. Loan 6 (5:11-cv-96)[5]

The sixth loan involves a promissory note in the initial principal amount of $734,000 that Defendant Boyd Brothers Inc. executed and delivered on September 17, 2010. (Doc. 1, Exhibit 1). Also on September 17, 2010, the individual defendants executed a guarantee agreement. (Doc. 1, Exhibit 2). Plaintiff alleges that this note is in default and that the guarantees have not been satisfied.

Defendants have raised eight affirmative defenses which are all meritless for the reasons stated in previous sections. The guarantee agreement is somewhat different from the others. However, it contains similar language which states that "no waiver of any of its rights hereunder, and no modification or amendment of this Guarantee, shall be deemed to be made by Lender unless the same shall be in writing, duly signed on behalf of Lender." (Doc. 1, Exhibit 2).

---

[5] All references to documents in this section refer the docket entry for 5:11-cv-96.

**IT IS ORDERED:**

1. The Motion for Final Summary Judgment (Doc. 63) is **GRANTED** as to the individual defendants-- JAMES A. BOYD, SR., NANCY G. BOYD, JAMES A. BOYD, JR., and CECELIA R. BOYD.

2. The cases remain stayed as to Defendant Boyd Brothers, Inc., pending resolution of its bankruptcy.  This order does not apply to Defendant Boyd Brothers, Inc.

3. Plaintiff's Motion for Judgment on the Pleadings (Doc. 90) is **DENIED as moot**.

4. Plaintiff shall submit the current balances of the outstanding indebtedness with principal, accrued interest, and daily accrued interest rate.  The clerk will then enter judgments in favor of Plaintiff against the individual defendants in that amount.

**ORDERED** on December 22, 2011.

                                  /S/ Richard Smoak
                                  **RICHARD SMOAK**
                                  **UNITED STATES DISTRICT JUDGE**